MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
David J. Rashe, Bar No. 318400
Joseph A. Govea, Bar No. 319683
600 Anton Boulevard, Suite 1800
Costa Mesa, California 92626-7153
Tel:   +1.714.830.0600
Fax:  +1.714.830.0700
barbara.miller@morganlewis.com
david.rashe@morganlewis.com
joseph.govea@morganlewis.com

Attorneys for Defendant
MITSUBISHI ELECTRIC US, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARLENE VORISE, Individually, and on behalf of other members of the public similarly situated<br><br>Plaintiff<br><br>v.<br><br>MITSUBISHI ELECTRIC US, INC., a Delaware Corporation and DOES 1-10, inclusive<br><br>Defendants | Case No. _____<br><br>[Alameda County Superior Court Case No. 22CV007314]<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. § 1331, 1367(a), 1441, 1446] |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Mitsubishi Electric US, Inc. ("Defendant"), by and through its counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Alameda, to this Court pursuant to 28 U.S.C. Sections 1331, 1367(a), 1441(a), (c), and 1446 based on the following grounds:

1. On February 22, 2022, Plaintiff Earlene Vorise ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of Alameda, entitled *Earlene Vorise, Individually and on behalf of other members of the public similarly situated, v. Mitsubishi Electric US, Inc. and DOES 1-10*, Case Number 22CV007314 (the "Complaint"). The Complaint contained the following six purported causes of action: (1) failure to provide meal and rest periods (Labor Code Sections 226.7 and 512); (2) failure to pay minimum wages and overtime pay (Labor Code Sections 510, 1194, 1197); (3) failure to provide accurate wage statements (Labor Code Section 226); (4) failure to reimburse for business expenses (Labor Code Section 2902); (5) failure to pay all wages owed upon termination (Labor Code Sections 201-203); violations of unfair competition law (California Business and Professions Code Sections 17200 *et seq.*); and (6) imposition of civil penalties pursuant to the Private Attorneys General Act ("PAGA") on behalf of alleged aggrieved employees (Labor Code Section 2698 *et seq.*).

2. The Complaint was served on Defendant's registered agent for service of process on March 1, 2022. A true and correct copy of the Complaint are attached to the Declaration of Jared Baker ("Baker Decl.") as **Exhibit B**.

3. On March 28, 2022, Defendant filed a Peremptory Challenge to Judicial Officer pursuant to California Code of Civil Procedure Section 170.6 in the Alameda County Superior Court action. A true and correct copy of Defendant's

filed Peremptory Challenge is attached to the Declaration of Joseph A. Govea ("Govea Decl.") as **Exhibit 1**.

4. Consequently, as required by 28 U.S.C. Section 1446(a), the documents accompanying this Notice of Removal constitute all of the process, pleadings, and orders served on or filed by Defendant in this action.

### I. THE REMOVAL IS TIMELY

5. Defendant has timely removed this action within thirty days of service. Defendant's registered agent for service of process was served with the Complaint on March 1, 2022. Because this Notice of Removal is filed within thirty days of March 1, 2022, it is timely under 28 U.S.C. Sections 1446 and 1453.

6. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### II. REMOVAL IS PROPER BASED UPON FEDERAL QUESTION JURISDICTION

7. Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

8. As set forth below, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Further, this action also includes claims over which this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they form part of the same case or controversy as the claims over which this Court has original jurisdiction. Accordingly, this entire action is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it includes claims arising under the laws of the United States.

9. Section 301 of the Labor Management Relations Act ("Section 301") provides in pertinent part: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without reference to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The "pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983). Such a suit "is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Id.* Section 301 preemption furthers two important federal policies. First, it ensures that the interpretation of collective bargaining agreements ("CBAs") remains uniform, and independent of state law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the negotiation and administration of collective bargaining agreements"). Second, the complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process and furthers the strong federal policy that labor disputes "remain firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988).

10. The district court has subject matter jurisdiction over—and thus a defendant may properly remove—any state law claim preempted by Section 301. *See Franchise Tax Board*, 463 U.S. at 24 ("If a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law"); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (if preempted, the "claim must either be treated as a § 301 claim . . . or dismissed").

11. The broad preemptive sweep of Section 301 is not limited to state law

claims for breach of contract.  To the extent that a plaintiff's claim either is grounded in the provisions of the CBA or requires interpretation of the CBA, the claim is preempted by Section 301:

> If the policies that animate § 301 are to be given their proper range . . . the preemptive effect of § 301 must extend beyond suits alleging contract violations. . . . Thus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by referenced to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.

*Leuck*, 471 U.S. at 210-11.  (quotations omitted).

12. A state law claim, even if not based upon CBA-created rights, is also preempted under Section 301 if the claim is "substantially dependent on analysis of a collective bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).  For example, in *Firestone v. Southern Cal. Gas Co.*, 219 F.3d 1063, 1604 (9th Cir. 2000), the primary issue on appeal was whether the plaintiff employee's claim for alleged overtime owed under California law was preempted by Section 301.  The defendant employer had argued that the employee was exempt from overtime pursuant to Labor Code Section 514 because he was covered by a CBA that provided for "premium wage rates" for overtime work.  *Id.*  The Ninth Circuit affirmed the district court's ruling finding that plaintiff's claim was preempted by Section 301.  In affirming Section 301 preemption, the Ninth Circuit held that determining whether an employee was receiving a "premium wage rate" under a CBA was a dispute that could not be resolved without interpretation of the parties' CBA.  *Id.* at 1066; *see also Partida v. Stater Bros. Markets*, No. EDCV1802600SJOKKX, 2019 WL 351874, at *6 (C.D. Cal. Jan. 29, 2019) (citing *Firestone* and finding that when a claim is substantially dependent on a CBA's terms, the claim is preempted under Section 301).

13. Under the well-established "artful pleading" doctrine, a plaintiff may not avoid the sweeping preemptive effect of Section 301 by omitting from the

complaint any reference to the applicable CBA or federal labor law.  Instead, the district court must look beyond the face of the complaint to determine whether the claims either are based on rights created by a CBA or require interpretation of a CBA.  *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1049 (9th Cir. 1987) ("if the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted"); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-98 (9th Cir. 1987) ("The district court … properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction").

      **A.**    **Plaintiff's Unpaid Overtime Claim Is Preempted By Section 301.**

14. Plaintiff's claim for unpaid overtime pay is premised on the theory that Defendant failed to properly calculate Plaintiff and other putative class member's regular rate of pay for purposes of computing overtime compensation by failing to include the value of all employee benefits in the regular rate.  (Complaint ¶ 39.)  Plaintiff's unpaid overtime claim is further premised on the theory that Defendant systematically required employees to work in excess of 8 hours without receiving overtime compensation pursuant to unlawful policies.  (Complaint ¶ 40.)  Plaintiff seeks to bring this claim on behalf of a putative class of all current and former California-based non-exempt employees who worked for Defendant (Complaint ¶ 14.)

15. In this case, many of the putative class members—Defendant's California-based non-exempt employees—are represented by a union organization, the International Union of Elevator Constructors.  Baker Decl., ¶ 2.  As a result, the wages, terms of employment, hours, and working conditions of IUEC represented employees, including Defendant's California-based IUEC represented non-exempt employees, are governed by a CBA negotiated with the IUEC.  Baker Decl., ¶ 3.  A true and correct copy of the CBA, entitled the National Elevator Bargaining

Association Agreement effective July 9, 2017 to July 8, 2022 as attached to the Baker Declaration as **Exhibit A**.

16. The CBA provides specific, bargained-for policies that dictate when overtime compensation is paid and at what applicable rates:

**Article VI, Par. 8:**

Employees who work on a holiday that falls on a Saturday or Sunday and that holiday is observed on a Friday or Monday, respectively, shall be paid at the specified overtime rates for work performed on Saturdays or Sundays. (i.e., if July 4th falls on Saturday it will be celebrated on Friday, July 3rd. Work performed on July 3rd will be double time (2X) and work performed on July 4th will be paid at the specified overtime rate).

**Article VII, Par. 3:**

Work performed on Construction Work on Saturdays, Sundays, and before and after the regular working day on Monday to Friday, inclusive, shall be classed as overtime, and paid for at double the rate of single time.

**Article VII, Par. 4:**

When any four (4) of the seven (7) Atlantic City Formula Trades obtain a six (6) hour day, the Union shall work a six (6) hour day, the working day to be between the hours of 6 A.M. and 5 P.M. When sufficient Mechanics, Helpers, Apprentices and Assistant Mechanics are not available, an eight (8) hour day shall be worked. Whenever a local union obtains a six (6) hour day under this paragraph, the local union and the Company shall bargain as to the hours and overtime rates to be applied on the six (6) hour day.

**Article VII, Par. 5(c)(3):**

When the Company assigns an employee to a shift the employee shall work that shift a minimum of five (5) consecutive days. However, should the Company reassign an employee to another shift prior to working five (5) consecutive days, or within twenty-four (24) hours of completing a shift, the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

employee shall receive the applicable overtime rate of the new shift he is assigned to for the first day only or the applicable overtime rate of the shift to which he had previously been assigned, whichever is higher, thereafter the employee shall receive the applicable rates for the new shift to which he is assigned.

**Article VII, Par. 5(c)(4):**

When an employee has performed work on another job and he is directed to work on a shift job within twenty-four (24) hours after completing work on the other job, he shall receive the applicable overtime rate of his prior job or the applicable overtime rate of the shift to which he is assigned whichever rate is higher.

**Article VIII, Par. 5 [Repair Work] and Article VIII(A), Par. 2 [Modernization Work]:**

It is agreed the regular working day shall consist of eight (8) hours worked consecutively with an unpaid lunch period, between 6 A.M. and 6 P.M., five (5) days per week, Monday to Friday, inclusive.  All other working time shall be classed as overtime and paid for at double the rate of single time.

**Article VIII(A), Par. 6(c) and (d):**

When the Company assigns an employee to a shift the employee shall work that shift a minimum of five (5) consecutive day.  However, should the Company reassign an employee to another shift prior to working five (5) consecutive days, or within twenty-four (24) hours of completing a shift, the employee shall receive the applicable overtime rate of the new shift he is assigned to for the first day only or the applicable overtime rate of the shift to which he had previously been assigned, whichever is higher, thereafter the employee shall receive the applicable rates for the new shift to which he is assigned. . . . When an employee has performed work on another job and he is directed to work on a shift job within twenty-four (24) hours after

completing work on the other job, he shall receive the applicable overtime rate of his prior job or the applicable overtime rate of the shift to which he is assigned whichever rate is higher.

**Article VIII(A), Par. 7:**

Any work performed on Saturday, Sunday, or Holiday shall be paid at double the hourly wage rate of the applicable shift including any premium rate.

**Article IX, Par. 2C:**

Upon reasonable request of the International Office of the IUEC, the Company shall make available to the properly designated International Representative the information necessary to determine that all employees in a service office are being treated relative to wages, hours worked, straight time and overtime hours paid, Pension and Health Benefit Plan payments in accordance with the NEBA Agreement.

**Article IX, Par. 4:**

Work performed on Sundays shall be classed as overtime and paid for at the rate of double time (2x).  All other time worked before and after the regular working day or in excess if (8) consecutive work hours with an unpaid lunch period and on Saturdays shall be at the rate of time and one-half.

**Article IX, Par. 5:**

Call-backs on contract service on overtime, except Sundays and holidays, shall be paid for at the rate of 1.7 times the rate of single time.

**Article IX, Par. 6:**

Call backs on contract service on Sundays and holidays shall be paid for at double the rate of single time.

**Article IX, Par. 7:**

On contract service where the Company has a contract in one building only or adjacent buildings . . . Pay for this work will be eight (8) hour's pay for seven (7) hours worked at the regular rate of pay.  Saturdays, Sundays, and

Holidays are classified as overtime and paid at the overtime rate. Baker Decl., ¶ 3, Exh. A, CBA.

17. Plaintiff's putative class claim for unpaid overtime depends on an analysis of whether, how, and to what extent putative class members were compensated under the above-referenced articles of the CBA. The fact that overtime compensation was dictated by the above-quoted provisions of the CBA presents questions such as: (1) to what extent were putative class members performing overtime work that the CBA intended to be classified as "Construction Work" under the rates specified in Article VII as opposed to overtime work classified as "Repair Work" under the rates specified in Article VIII; and (2) what applicable overtime rate did the CBA intend to apply in instances when an employee has performed work on another job and is directed to work on a shift job within 24 hours after completing work on the previous job under Article VII. The answers to each of these questions is central to the resolution of Plaintiff's putative class claims. Yet, the answers to these questions derive from, are substantially dependent upon, and require an analysis and interpretation of the terms of the CBA applicable to putative class members. *See Firestone,* 219 F.3d at 1066. As a result, the putative class claim is preempted by Section 301 because its resolution is substantially dependent on analysis and interpretation of the CBA. Baker Decl., ¶ 3, Exh. A, CBA.

**B.     Plaintiff's Meal Break Claim Is Preempted By Section 301.**

18. Plaintiff's Complaint alleges Defendant failed to provide putative class members with statutorily-compliant meal periods, improperly rounded employees' recorded meal periods, maintained policies on meal periods that failed to comply with California law, and failed to provide its employees with duty-free meal periods. (Complaint ¶ 13.)

19. Here, the CBA that many of the putative class members agreed to provides the applicable policy on meal periods:

**Article VII, Par. 2:**

> It is agreed that the regular working day shall consist of eight (8) hours worked consecutively with an unpaid lunch period, between 6 A.M., and 5 P.M., five (5) days per week, Monday to Friday, inclusive. Hours of work at each job site shall be those established by the general contractor and worked by the majority of trades. (The above working hours may be changed by mutual agreement as provided in Article XXVI).

Baker Decl., ¶ 3, Exh. A. Similarly, Article VIII(A) and Article IX contain meal break policies specific to "Modernization Work" and "Contract Service" work performed by IUEC represented members. *Id.*

20. Plaintiff's putative class claim for meal period violations depends on an analysis of whether, to what extent, and when putative class members were provided meal under the above-referenced terms of the CBA. As a result, the putative class claim is preempted by Section 301 because its resolution is substantially dependent on analysis and interpretation of the CBA.

### C. The Court May Properly Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims.

21. Pursuant to 28 U.S.C. § 1367(a), this Court may properly exercise supplemental jurisdiction over Plaintiff's remaining claims for failure to pay minimum wages, failure to provide accurate wage statements, failure to pay all wages owed upon termination, violations of unfair competition law, and for PAGA penalties based on the same underlying Labor Code violations for two reasons. First, all of these claims other than the business expense reimbursement claim are derivative of Plaintiff's preempted claims for unpaid overtime and meal period violations. Second, all the claims form part of the same case or controversy as the claims over which this Court has original jurisdiction.

22. When a claim is derivative of another claim that is preempted by

Section 301, and/or form part of the same case or controversy as the claim(s) over which this Court has original jurisdiction, the Court may exercise supplemental jurisdiction over the derivative claim. 28 U.S.C. § 1367(a); *see also Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 576 (9th Cir. 2014) (holding that a court may exercise supplemental jurisdiction over a waiting time penalties claim brought in conjunction with a preempted claim).

23. This Court may properly exercise supplemental jurisdiction over Plaintiff's remaining claims against Defendant for failure to pay minimum wages, failure to pay all wages owed upon termination, failure to provide accurate itemized wage statements, alleged violation of unfair competition law, unreimbursed business expenses, and alleged PAGA penalties. These claims are entirely derivative of and dependent upon the resolution of Plaintiff's claims for overtime pay and meal break violations, both of which are preempted by Section 301, and form part of the same case or controversy as the claims over which this Court has original jurisdiction. Accordingly, this entire action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(b).

### III. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

24. As Plaintiff filed this action in the Superior Court of the State of California, County of Alameda, removal to the United States District Court for the Northern District of California is proper under 28 U.S.C. Section 1441(a).

25. As required by 28 U.S.C. Section 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record.

26. As required by 28 U.S.C. Section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California, County of Alameda.

27. Defendant has sought no similar relief in this action.

28. If any question arises as to the propriety of the removal of this action, then Defendant requests the opportunity to present further briefing and additional

evidence in support of its position that this case is removable.

## IV. CONCLUSION

WHEREFORE, Defendant, desiring to remove this case to the United States District Court for the Northern District of California, prays that the filing of this Notice of Removal shall cause the removal of this action to this Court.

Dated: March 29, 2022                    MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Joseph A. Govea*
    Barbara J. Miller
    David J. Rashe
    Joseph A. Govea
    Attorneys for Defendant
    MITSUBISHI ELECTRIC US, INC.

DB2/ 42857620.1

# PROOF OF SERVICE

*Vorise, Earlene v. Mitsubishi Electric US, Inc.*

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626.

On March 29, 2022, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

[ X ] **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **BY EMAIL:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on March 29, 2022. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626. My e-mail address is cindy.hachiya@morganlewis.com.

| | |
|---|---|
| **SULLIVAN & YAECKEL LAW GROUP, APC**<br>Eric K. Yaeckel, Esq.<br>Katherine A. Dishongh, Esq.<br>2330 Third Avenue<br>San Diego, California 92101<br>Tel: (619) 702-6760<br>Fax: (619) 702-6761<br>yaeckel@sullivanlawgroupapc.com<br>kdishongh@sullivanlawgroupapc.com | *Attorneys for Plaintiff,*<br>*EARLENE VORISE* |

PROOF OF SERVICE

DB2/ 42932444.1

Morgan, Lewis & Bockius LLP
Attorneys At Law
Costa Mesa

1  [ ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on March 29, 2022, at Costa Mesa, California.

*/s/ Cindy J. Hachiya*
Cindy J. Hachiya