SULLIVAN & YAECKEL LAW GROUP, APC
Eric K. Yaeckel, Bar No. 274608
yaeckel@sullivanlawgroupapc.com
Katherine A. Dishongh, Bar No. 339223
kdishongh@sullivanlawgroupapc.com
2330 Third Avenue
San Diego, California 92101
Tel:   (619) 702-6760
Fax:   (619) 702-6761

MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
David J. Rashe, Bar No. 318400
Joseph A. Govea, Bar No. 319683
600 Anton Boulevard, Suite 1800
Costa Mesa, California 92626-7153
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700
barbara.miller@morganlewis.com
david.rashe@morganlewis.com
joseph.govea@morganlewis.com

Attorneys for Defendant
MITSUBISHI ELECTRIC US, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARLENE VORISE, Individually, and on behalf of other members of the public similarly situated<br><br>Plaintiff<br><br>v.<br><br>MITSUBISHI ELECTRIC US, INC., a Delaware Corporation and DOES 1-10, inclusive<br><br>Defendants | Case No. 4:22-cv-02017-HSG<br><br>**JOINT STIPULATION TO REMAND ACTION TO STATE COURT; ORDER (as modified)**<br><br>Filed:        February 22, 2022<br>Removed:  March 29, 2022<br>Trial Date:  None Set |

JOINT STIPULATION TO REMAND ACTION TO STATE COURT; ORDER

Plaintiff Earlene Vorise ("Plaintiff") and Defendant Mitsubishi Electric US, Inc. ("Defendant") (collectively, the "Parties"), through their attorneys of record, hereby jointly stipulate to narrow the scope of Plaintiff's Complaint to only cover claims on behalf of non-exempt, non-International Union of Elevator Constructor represented employees and therefore also stipulate to remand the action back to the Superior Court of California for the County of Alameda, as follows:

WHEREAS, on February 22, 2022, Plaintiff filed a putative class and representative action complaint against Defendant in the Superior Court of California for the County of Alameda (the "Action");

WHEREAS, the operative complaint in the Action alleges putative class claims on behalf of all of Defendant's current or former California-based non-exempt employees for the following alleged Labor Code violations: (1) failure to provide meal and rest periods; (2) failure to pay minimum and overtime wages; (3) failure to provide, accurate, itemized wage statements; (4) failure to reimburse necessary business expenses; (5) failure to timely pay all wages at separation; and (6) unfair business practices. Additionally, the operative complaint alleges a representative PAGA claim to recover civil penalties based on the foregoing alleged Labor Code violations;

WHEREAS, on March 29, 2022, Defendant removed the Action to this Court pursuant to the Court's federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(a)-(b), and 1446 as well as this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) on the grounds that Plaintiff's claims for unpaid overtime wages and failure to provide meal breaks are preempted by federal law, particularly Section 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)) because members of the putative class (as defined in Plaintiff's operative complaint) are represented by a union and subject to a collective bargaining agreement;

WHEREAS, the Parties have met and conferred, through their counsel, and

agreed that Plaintiff's complaint, and all claims alleged therein, shall be limited only to Defendant's California-based non-exempt, non-International Union of Elevator Constructor represented employees during the relevant time period; and

WHEREAS, as part of the meet and confer discussions, the Parties have agreed to stipulate to remand the action back to the Superior Court of California for the County of Alameda.

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. Plaintiff's complaint, and any subsequent amendments thereto, shall be limited in scope to only pursue claims on behalf of Defendant's California-based non-exempt, non-International Union of Elevator Constructor represented employees such that all of Defendant's California-based non-exempt, International Union of Elevator Constructor represented employees shall be excluded from the proposed class/group of employees that Plaintiff seeks to represent in the Action;

2. The Action, with the Court's approval, shall be remanded to the Superior Court of California for the County of Alameda; and

3. Defendant's time limit to respond to Plaintiff's complaint under the Federal Rules of Civil Procedure shall be tolled from the date the Parties have both executed this stipulation in the event that the Court does not approve this stipulation and sign the accompanying proposed order.

[Signatures on Next Page]

Dated: April 4, 2022

SULLIVAN & YAECKEL LAW GROUP, APC

By: /s/ *Eric K. Yaeckel*
Eric K. Yaeckel
Katherine A. Dishongh
Attorneys for Plaintiff
EARLENE VORISE

Dated: April 4, 2022

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Barbara J. Miller*
Barbara J. Miller
David J. Rashe
Joseph A. Govea
Attorneys for Defendant
MITSUBISHI ELECTRIC US, INC.

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED. The Clerk is directed to close this case.

Dated: 4/14/2022

_____
U.S. District Court Judge